# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Case No. 15-1213V
**Filed: June 27, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * | | [UNPUBLISHED] |
| TADEK TOWPIK *and* RENATA TOWPIK *parents of* A.T., *a minor,* | * * * | |
| Petitioners, | * | Special Master Gowen |
| v. | * * | Measles-Mumps-Rubella ("MMR") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Vaccine; Table Encephalopathy |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioners.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On October 16, 2015, Tadek and Renata Towpik ("petitioners") filed a petition on behalf of their minor son, A.T., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 – 34 (2012)[2] (the "Vaccine Act" or "the Program"). Petitioners alleged that as a result of receiving a measles-mumps-rubella ("MMR") vaccine on March 26, 2013, A.T. suffered an episode of acute disseminated encephalomyelitis ("ADEM") and resulting developmental delays. Petition at Preamble. Between November 17, 2015, and February 22, 2016, petitioners filed medical records, and on April 20, 2016, petitioners submitted an expert report from Marcel Kinsbourne, MD.

On June 17, 2016, respondent filed her Rule 4(c) report, stating that the Division of Injury Compensation Programs has reviewed the petition and medical records filed in this case,

---

[1] Because this published ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and has concluded that petitioners are entitled to a presumption of causation because the medical records establish that A.T. suffered an encephalopathy meeting the criteria of the Vaccine Injury Table, 42 C.F.R. § 100.3.  Resp. Report at 5.  "Specifically, A.T.'s encephalopathy manifested between five and fifteen days after his receipt of the MMR vaccination, and there is not preponderant evidence that his condition was due to a factor unrelated to the vaccine."  Id. at 5-6.  Respondent further states that "based on the medical records outlined [in her Rule 4(c) Report], the sequela of A.T.'s injury persisted for more than six months after the administration of the vaccine.  42 U.S.C. § 300aa- 11(c)(1)(D)(I).  Therefore, based on the record as it now stands, petitioners have satisfied all legal prerequisites for compensation under the Vaccine Act."  Id. at 7.

Special masters may determine whether a petitioner is entitled to compensation based on the record.  A hearing is not required.  42 U.S.C. § 300aa-13; Vaccine Rule 8(d).  Based upon respondent's recommendation in favor of compensation and a review of the record as a whole, the undersigned finds that petitioners have established that they are entitled to compensation based on a Table encephalopathy.  42 C.F.R. 100.3(a)(III)(B).  A separate damages order will issue.

**IT IS SO ORDERED.**

                                                      **s/Thomas L. Gowen**
                                                      Thomas L. Gowen
                                                      Special Master