# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 20, 2018

| | |
|---|---|
| * * * * * * * * * * * * | |
| TADEK *and* RENATA TOWPIK, | * |
| *parents of* A.T., *a minor,* | * |
| | *   UNPUBLISHED |
| Petitioner, | * |
| | *   Special Master Gowen |
| v. | * |
| | *   No. 15-1213V |
| SECRETARY OF HEALTH | *   Proffer; Conceded; MMR Vaccine; |
| AND HUMAN SERVICES, | *   Encephalopathy. |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioners.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON PROFFER[1]

**Gowen**, Special Master:

On October 16, 2015, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of their minor son, A.T. Petitioners allege that A.T. suffered an encephalopathy as a result of an MMR vaccine administered on March 26, 2013. Petition at Preamble.

On June 17, 2016, respondent filed his Rule 4(c) Report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Report at 1. On June 27, 2016, a ruling on entitlement was issued, finding petitioner entitled to a presumption of causation. Counsel for the parties have worked diligently with their experts and have come to a resolution of damages. Their respective life care planners have agreed on future care issues and costs, pain and suffering, and petitioners' past unreimbursable expenses. On March 29, 2018, respondent

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded: (1) a lump sum payment of $263,722.30, representing compensation for pain and suffering and life care expenses for Year One; (2) a lump sum payment of $16,500.00, representing compensation for past unreimbursable expenses; (3) a lump sum payment of $60,080.31, representing compensation for satisfaction of the State of Illinois Medicaid lien; and (4) an amount sufficient to purchase the annuity contract described in the Proffer.  Proffer at 6.

Respondent represented in the Proffer that petitioner agrees with the proffered award.  I have reviewed the proffer and do award damages in accord with it.  The Proffer is incorporated herein and made a part hereof as Appendix A.  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer**, **the undersigned awards petitioner the following in compensation:**

1) **A lump sum payment of $263,722.30, representing compensation for pain and suffering ($218,500.00) and life care expenses for Year One ($45,222.30), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of A.T., for the benefit of A.T.** [3]

2) **A lump sum payment of $16,500.00, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.**

3) **A lump sum payment of $60,080.31, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioners and to:**

    **Illinois Department of Healthcare and Family Services**
    **Bureau of Collections**
    **Technical Recovery Section**
    **P.O. Box 19174**
    **Springfield, IL 62794-9174**
    **Attn: Anthony Cooper**
    **Anthony.Cooper@illinois.gov**
    **Case No: 96-071-0000057423**

4) **An amount sufficient to purchase an annuity contract as described in Section II D of the Proffer attached herein as Appendix A, paid to the life insurance company from which the annuity will be purchased.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

---

[3] This amount represents compensation for all damages that would be available under § 300aa-15(a).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| TADEK and RENATA TOWPIK, Parents of A.T., a Minor,<br><br>        Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 15-1213V **(ECF)**<br>Special Master Gowen |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 17, 2016, respondent filed his Rule 4(c) Report conceding entitlement in the above-captioned case. Special Master Gowen issued a Ruling on Entitlement on June 27, 2016, finding that petitioners were entitled to a presumption of causation. Specifically, petitioners' son, A.T., suffered an encephalopathy that met the criteria of the Vaccine Injury Table. A.T.'s encephalopathy manifested between five and fifteen days of his receipt of a measles-mumps-rubella vaccination, and there is not preponderant evidence that his condition was due to a factor unrelated to the vaccine.

Respondent submits the following recommendations regarding items of compensation to be awarded under the Vaccine Act:

**I.    Items of Compensation**

    A.    <u>Life Care Items</u>

Respondent engaged life care planner M. Virginia Walton, RN, MSN, FNP, CNLCP, and petitioners engaged Tresa Johnson, RN, BSN, to provide an estimation of A.T.'s future vaccine-injury related needs. For purposes of this proffer, the term "vaccine related" is as described in

1

Respondent's Rule 4(c) Report, filed on June 17, 2016. All items of compensation identified in the joint life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for A.T., attached hereto as Tab A.[1] Respondent proffers that A.T. should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A. Petitioners agree.

B. Lost Future Earnings

The parties agree that based upon the evidence of record, A.T. will likely be gainfully employed in the future. Therefore, respondent proffers that A.T. should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Petitioners agree.

C. Pain and Suffering

Respondent proffers that A.T. should be awarded $218,500.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

D. Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to A.T.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $16,500.00. Petitioners agree.

E. Medicaid Lien

Respondent proffers that A.T. should be awarded funds to satisfy a State of Illinois lien in the amount of $60,080.31, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Illinois may have against any individual as

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

a result of any Medicaid payments that the State of Illinois has made to or on behalf of A.T. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about March 26, 2013, under Title XIX of the Social Security Act. Petitioners agree.

## II.     Form of the Award

The parties recommend that the compensation provided to A.T. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.     A lump sum payment of $263,722.30, representing compensation for pain and suffering ($218,500.00) and life care expenses for Year One ($45,222.30), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of A.T., for the benefit of A.T. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of the estate of A.T. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.T., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.T. upon submission of written documentation of such appointment to the Secretary.

B.     A lump sum payment of $16,500.00, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

---

[2]     Should A.T. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

    C.    A lump sum payment of $60,080.31, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioners and to:

> Illinois Department of Healthcare and Family Services
> Bureau of Collections
> Technical Recovery Section
> P.O. Box 19174
> Springfield, IL 62794-9174
> Attn: Anthony Cooper
> Anthony.Cooper@illinois.gov
> Case No: 96-071-0000057423

Petitioners agree to endorse this payment to the Illinois Department of Healthcare and Family Services.

    D.    An amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

as guardian(s)/conservator(s) of the estate of A.T., only so long as A.T. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioners agree.

2. <u>Life-Contingent Annuity</u>

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as A.T. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of A.T.'s death.

3. <u>Guardianship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of A.T.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.T., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of

the estate of A.T. upon submission of written documentation of such appointment to the Secretary.

### III. Summary of Recommended Payments Following Judgment

A. Lump sum paid to petitioners as court-appointed Guardian(s)/conservator(s) of A.T.'s estate: **$263,722.30**

B. Past unreimbursed expenses: **$16,500.00**

C. Medicaid Lien: **$60,080.31**

D. An amount sufficient to purchase the annuity contract described above in section II.D.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Amy P. Kokot
AMY P. KOKOT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-4118

Dated:      March 29, 2018

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2018 | Compensation Year 2 2019 | Compensation Year 3 2020 | Compensation Year 4 2021 | Compensation Year 5 2022 | Compensation Year 6 2023 | Compensation Year 7 2024 | Compensation Year 8 2025 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CIGNA Deductible | 5% | | | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Neurologist | 5% | * | | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 |
| Psychiatrist | 5% | * | | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 |
| OT Eval | 4% | | | 225.00 | 225.00 | 225.00 | 225.00 | 225.00 | 225.00 | | |
| OT | 4% | | M | 5,760.00 | 3,120.00 | 3,120.00 | 3,120.00 | 3,120.00 | 3,120.00 | | |
| ADHD Rx | 5% | * | M | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| Anti-depressant | 5% | * | M | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| Neuropsych Eval | 4% | | | 2,850.00 | | 2,850.00 | | 2,850.00 | | | |
| Psychologist | 4% | * | | 2,850.00 | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 | 2,700.00 | |
| Behavioral Analysis | 4% | | M | 16,320.00 | 8,160.00 | 8,160.00 | | | | | |
| Social Skills Group | 4% | | | 600.00 | | | | | | | |
| Children's Friendship Group | 4% | | | 720.00 | 720.00 | | | | | | |
| Executive Functioning Group | 4% | | | | | | | 840.00 | | | |
| Peers Social | 4% | | | | | | 840.00 | 840.00 | 840.00 | 840.00 | |
| Educational Advocate | 4% | | | 3,750.00 | 3,750.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | | |
| Tutoring | 4% | | M | 3,040.00 | 3,040.00 | 3,040.00 | 3,040.00 | 3,040.00 | 3,040.00 | 3,060.00 | 3,060.00 |
| Vocational Evaluation | 4% | * | | | | | | | | | |
| Case Managementt | 4% | | | | | | | | | | |
| Respite Care | 4% | | M | 1,118.00 | 1,118.00 | 1,118.00 | | | | | |
| Companion Care | 4% | | M | 4,000.00 | 4,000.00 | 4,000.00 | | | | | |
| Assitive Tech Allowance | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Dragon Software | 4% | | | 99.00 | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 |
| Bluetooth Speaker | 4% | | | 99.00 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 |
| Pain and Suffering | | | | 218,500.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 16,500.00 | | | | | | | |
| Medicaid Lien | | | | 60,080.31 | | | | | | | |
| Annual Totals | | | | 340,302.61 | 29,777.10 | 33,997.10 | 18,709.10 | 20,719.10 | 17,869.10 | 9,604.10 | 6,904.10 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of A.T. for pain and suffering ($218,500.00) and Yr 1 life care expenses ($45,222.30): $263,722.30.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners for past
un-reimbursable expenses: $16,500.00.
As soon as practicable after entry of judgment, respondent shall make the following payment to the Illinois Department of
Healthcare and Family Services, as reimbursement of the state's Medicaid lien: $60,080.31.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 2026 | Compensation Year 10 2027 | Compensation Year 11 2028 | Compensation Year 12 2029 | Compensation Year 13 2030 | Compensation Year 14 2031 | Compensation Years 15-17 2032-2034 | Compensation Years 18-21 2035-2038 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CIGNA Deductible | 5% | | | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Neurologist | 5% | * | | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 | 64.80 |
| Psychiatrist | 5% | * | | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 | 166.50 |
| OT Eval | 4% | | | | | | | | | | |
| OT | 4% | | M | | | | | | | | |
| ADHD Rx | 5% | * | M | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| Anti-depressant | 5% | * | M | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| Neuropsych Eval | 4% | | | | | | 2,850.00 | | | | |
| Psychologist | 4% | * | | 2,700.00 | | 2,700.00 | | 2,700.00 | 1,050.00 | 262.50 | 262.50 |
| Behavioral Analysis | 4% | | M | | | | | | | | |
| Social Skills Group | 4% | | | | | | | | | | |
| Children's Friendship Group | 4% | | | | | | | | | | |
| Executive Functioning Group | 4% | | | | | | | | | | |
| Peers Social | 4% | | | | | | | | | | |
| Educational Advocate | 4% | | | | | | | | | | |
| Tutoring | 4% | | M | 3,060.00 | 3,060.00 | 3,060.00 | 3,060.00 | | | | |
| Vocational Evaluation | 4% | * | | | | | | | | | |
| Case Managementt | 4% | | | | | | | 8,760.00 | 8,760.00 | 8,760.00 | 4,380.00 |
| Respite Care | 4% | | M | | | | | | | | |
| Companion Care | 4% | | M | | | | | | | | |
| Assitive Tech Allowance | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Dragon Software | 4% | | | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 |
| Bluetooth Speaker | 4% | | | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 |
| Pain and Suffering | | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | | |
| Annual Totals | | | | 9,604.10 | 6,904.10 | 9,604.10 | 9,754.10 | 15,304.10 | 13,654.10 | 12,866.60 | 8,486.60 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of A.T. for pain and suffering ($218,500.00) and Yr 1 life care expenses ($45,222.30): $263,722.30.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners for past
un-reimbursable expenses: $16,500.00.
As soon as practicable after entry of judgment, respondent shall make the following payment to the Illinois Department of
Healthcare and Family Services, as reimbursement of the state's Medicaid lien: $60,080.31.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 | Compensation Years 23-50 | Compensation Years 51-52 | Compensation Year 53 | Compensation Year 54 | Compensation Years 55-Life |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 2039 | 2040-2067 | 2068-2069 | 2070 | 2071 | 2072-Life |
| CIGNA Deductible | 5% | | | 2,500.00 | 2,500.00 | 2,500.00 | | | |
| Medicare Part B Deductible | 5% | | | | | | 183.00 | 183.00 | 183.00 |
| Neurologist | 5% | * | | 64.80 | 64.80 | 64.80 | 43.20 | 43.20 | 43.20 |
| Psychiatrist | 5% | * | | 166.50 | 166.50 | 166.50 | 111.00 | 111.00 | 111.00 |
| OT Eval | 4% | | | | | | | | |
| OT | 4% | | M | | | | | | |
| ADHD Rx | 5% | * | M | 480.00 | 480.00 | 480.00 | 2,020.00 | 2,020.00 | 2,020.00 |
| Anti-depressant | 5% | * | M | 480.00 | 480.00 | 480.00 | 1,800.00 | 1,800.00 | 1,800.00 |
| Neuropsych Eval | 4% | | | 2,850.00 | | | | | |
| Psychologist | 4% | * | | 262.50 | 262.50 | | | 210.00 | 52.50 |
| Behavioral Analysis | 4% | | M | | | | | | |
| Social Skills Group | 4% | | | | | | | | |
| Children's Friendship Group | 4% | | | | | | | | |
| Executive Functioning Group | 4% | | | | | | | | |
| Peers Social | 4% | | | | | | | | |
| Educational Advocate | 4% | | | | | | | | |
| Tutoring | 4% | | M | | | | | | |
| Vocational Evaluation | 4% | * | | | | | | | |
| Case Managementt | 4% | | | 4,380.00 | 4,380.00 | 4,380.00 | 4,380.00 | 4,380.00 | 4,380.00 |
| Respite Care | 4% | | M | | | | | | |
| Companion Care | 4% | | M | | | | | | |
| Assitive Tech Allowance | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Dragon Software | 4% | | | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 | 33.00 |
| Bluetooth Speaker | 4% | | | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 |
| Pain and Suffering | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | |
| Medicaid Lien | | | | | | | | | |
| Annual Totals | | | | 11,336.60 | 8,486.60 | 8,224.10 | 8,690.00 | 8,900.00 | 8,742.50 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of A.T. for pain and suffering ($218,500.00) and Yr 1 life care expenses ($45,222.30): $263,722.30.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners for past
un-reimbursable expenses: $16,500.00.
As soon as practicable after entry of judgment, respondent shall make the following payment to the Illinois Department of
Healthcare and Family Services, as reimbursement of the state's Medicaid lien: $60,080.31.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.